O’NIELL, J.
On the 17th of October, 1906, the present defendant and appellant, Dr. J. W. Nichols, sold to Tryon Mclnnis, father of the plaintiffs, a certain tract of land for $6,000, of which $1,650 was paid in cash, and the balance of the price was represented by the purchaser’s three promissory notes, payable in one, two, and three years, respectively, and secured by the vendor’s lien and mortgage on the property. A payment of $503.20 was made on one of the notes and credited of date the 25th of October, 1907. Mr. Mclnnis died in October, 1909, leaving a widow, Mrs. Spicey R. Mclnnis, and 12 children, issue of their marriage, namely: Mrs. Melinda Mclnnis McConathy, wife of Joe McConathy; Mrs. Dora Mclnnis Dowden, wife of Foster Dowden; Mrs. Mellie Mclnnis Dowden, wife of Acy Dowden; Mrs. May Mclnnis Williams, wife of Billy Williams; Mrs. Lillie Belle Mclnnis Bush, wife of Henry Bush; and Duffie Mclnnis — the above named being of age or emancipated, and the following named minors: George, Willie, Norman, Zethie, Virgie, and Toulliver Mclnnis. Thereafter Toulliver died, and his one twenty-fourth interest in the community property was inherited by his mother and brothers and sisters in the proportion of one-fourth by • the mother and three-fourths by the surviving brothers and sisters. Thus Mrs. Spicey R. Mclnnis became the owner of 4s>/0G interest in the property, and each of her sons and daughters became the owner of ^Viosg interest.
Being unable to pay the balance of the price due for the property purchased from Dr. Nichols, and desiring to save the other *685 property belonging to the community which had existed between her and her deceased husband, Mrs. Spicey E. Mclnnis and her son, George, and their attorney had an interview with Dr. Nichols in the early part of January, 1910, and proposed to reconvey to him, in full satisfaction of the balance due on the purchase price, the property purchased by Tryon Mclnnis. After some discussion it was verbally agreed that Mrs. Mclnnis or the estate of her deceased husband would also pay $75 as the fee of the attorneys of Dr. Nichols for their services in bringing about the retransfer of the title to him, and that he should have the right to take immediate possession of the property and cultivate it, pending whatever legal proceedings his attorneys might deem necessary. The attorneys of Dr. Nichols were then informed of the agreement had between him and Mrs. Mclnnis, and were directed by Dr. Nichols to bring about the reconveyance of the property to him. The attorney of Mrs. Mclnnis proposed that a family meeting be convoked to advise and authorize the transfer, but it appears that the attorneys representing Dr. Nichols preferred that the sale be brought about by a foreclosure of the mortgage, Considerable delay resulted from the fact that Dr. Nichols’ attorneys thought Mrs. Mclnnis’ attorney would have her confirmed- as natural tutrix of her minor children, while her attorney understood that Dr. Nichols’ attorneys would attend to having her confirmed or would have a tutor ad hoc appointed to represent the minors.
On the 17th of March, 1910, the attorneys of Dr. Nichols filed the suit in his behalf against the widow and heirs of Tryon Mclnnis, deceased, for a foreclosure of the mortgage via ordinaria; and, on the petition of the plaintiff in that’ suit, the attorney of Mrs. Mclnnis, being her brother, was appointed tutor ad hoc of her minor children. Copies of the petition and citation were served upon the widow and her major son and daughters and upon the tutor ad hoc of the minors; but service was not prayed for nor made upon the husband of any of the five defendant married women.
The prayer of Dr. Nichols’ petition was that the major heirs of Tryon Mclnnis, deceased, be required to accept or renounce his succession; that judgment be rendered against the estate of Tryon Mclnnis, deceased, and all of the defendants for the sum of $3,846.80, with interest at 8 per cent, per annum on $4,350 from the 17th of October, 1906, to the 25th of October, 1907, and on $3,846.80 from that date until paid, together with 10 per cent, attorneys’ fees on the total amount of principal and interest, as stipulated in the deed; that the defendants be condemned to pay in the proportions in which they inherited the estate; that the vendor’s lien and special mortgage be recognized on the property sold to Tryon Mclnnis; that it be sold at public auction to satisfy the judgment; that the proceeds of the sale be paid to 'Dr. Nichols by preference over all others and be credited pro tanto on his judgment; and that, if the proceeds of the sale of the mortgaged property should not be sufficient to satisfy the judgment ,in full, the unpaid balance be executory against or upon any other property belonging to the estate of Tryon Mclnnis or his widow and heirs.
No answer having been filed, a judgment by default was entered against all defendants in the suit of Dr. Nichols on the 26th of April, 1910; and on the 29th of that month the attorney who had been appointed tutor ad hoe of the minors subscribed to the oath, and in answer to the suit of Dr. Nichols filed a general denial. The minutes disclose that on that day an order was rendered granting permission to take the testimony out of court, that the case was fixed for trial instanter, was submitted on the evidence taken out of *687 court, and that judgment was rendered according to the prayer of the plaintiff’s petition. The minutes also show that on the next following day the judgment was read, signed, and filed, and that the defendant married women were then “authorized to stand in judgment and prosecute this suit.”
The property affected by the vendor’s lien and mortgage was seized and advertised to be sold on the 30th of July, 1910. Mrs. Mclnnis and her attorney, the tutor ad hoc of the minors, were present at the place and on the day of the proposed sale, prepared to carry out their agreement with Dr. Nichols. A few minutes before the sheriff offered the property for sale the attorney of Mrs. Mclnnis reminded Dr. Nichols of his agreement to bid an amount sufficient to extinguish the judgment; and the latter then informed Mrs. Mclnnis and her attorney that he would not carry out his agreement, assigning as his reason that the delay in the proceedings had prevented his planting a crop in the year 1910. 1-Ie then proposed buying the property at whatever price it might be adjudicated to him, and allowing Mrs. Mclnnis 60 or 90 days in which to find a purchaser and have credit on the judgment for the proceeds. The attorney of Mrs. Mclnnis replied that, as Dr. Nichols had concluded to violate one agreement, he would not trust him with another. The sheriff then immediately began offering the property for sale; and, in a desperate attempt to protect the estate, the attorney of Mrs. Mclnnis made a bid in her name, which she was unprepared to pay. The property was adjudicated to her, and, on her failure to comply with the bid, it was reoffered for sale and adjudicated to Dr. Nichols for $3,200, leaving a balance of about $2,600 in principal, interest, and attorneys’ fees due on his judgment. He sold the property for $4,500 cash in May, 1911.
In February, 1912, Dr. Nichols caused other lands belonging to the estate or the widow and heirs of the deceased, Tryon Mclnnis, to •be seized and advertised for sale to satisfy the balance of about $2,600 due on his judgment.
Alleging the facts recited above, the above-named widow and heirs of the deceased, Tryon Mclnnis, brought the present suit to have the judgment of Dr. J. W. Nichols decreed satisfied and extinguished, and, in the alternative, to have it decreed absolutely null, especially as to the married women against whom it was rendered without service of citation on their husbands. A preliminary injunction was issued without bond preventing the sale of the plaintiffs’ property pending this suit.
The defendant Dr. Nichols filed a motion to compel the plaintiffs to elect whether they would prosecute their demand to have the judgment decreed satisfied and extinguished or their demand to have it decreed null. The motion was overruled, and the defendant then filed a motion to dissolve the injunction in so far as it had issued in aid of the alternative demand to have the judgment decreed null, on the ground that the allegation of nullity of the judgment was not a cause for the issuance of a preliminary injunction without bond. The motion to dissolve was also overruled. The defendant then filed another motion to dissolve the injunction, on the ground that the plaintiffs were not entitled to a preliminary 'injunction without bond for any of the causes alleged in their petition. This motion to dissolve was also overruled.
In his answer to the injunction suit, the defendant alleged: (1) That he had not agreed to take back the property in satisfaction of the balance of the price for which it had been sold to Tryon Mclnnis; (2) that service of citation had been made upon all the defendants in the suit in which the judgment attacked was rendered, and that the defendant married women were authorized *689 to stand in judgment; (3) that the present plaintiffs were estopped from questioning the validity of the judgment by the fact that they were present in the parish at the time of the sale of the mortgaged property in execution of the judgment, and some of them attended the sale, and Mrs. Spicer R. Mc-Innis bid at the first offering; (4) that the allegations of fraud were, not true, but that, if there was fraud, the action to annul the judgment for that cause was barred by the prescription of one year. The defendant claimed, in the alternative, that if any of the parties against whom the judgment had been rendered in his favor had not been cited, or if the married women were not authorized to stand in judgment, and if the judgment was therefore null as to any of them, then that his right should be reserved to proceed against them. The defendant claimed, in reconvention, damages in the sum of $250 for attorneys’ fees and the same sum for loss of time, expense, and trouble caused by the writ of injunction.
The case was taken up for trial on the foregoing issues; and, when the plaintiffs offered testimony to prove the agreement recited above, the defendant’s counsel objected on the grounds: (1) That an agreement of compromise must be reduced to writing and cannot be proven by parol evidence; (2) that, if the agreement was made as alleged by the plaintiffs, it was not a valid or binding contract, because the parties were not authorized to make it, and (3) that parol evidence was not admissible to prove an agreement to transfer real estate in satisfaction of a debt. The objections were overruled “in order that the record might be complete,” as the district judge said; and the testimony was heard subject to the objection. Judgment was rendered in favor of the defendant, dismissing the plaintiffs’ suit. On their motion, a new trial was granted, and judgment was then rendered in favor of the plaintiffs recognizing and enforcing the defendant’s agreement to accept the mortgaged property in full satisfaction of his judgment, and perpetually restraining its execution. The defendant Dr. J. W. Nichols has appealed.
Opinion.
[1] We find no error in the district judge’s ruling on the motion to compel »the plaintiffs to elect whether they would prosecute their original or alternative demand. There was no inconsistency in the allegations that the debt represented by the judgment was by the arrangement stated in the plaintiffs’ petition paid and extinguished, and that the judgment was null because rendered without proper citation. Hence the alternative demand to have the judgment decreed null was not inconsistent with the original demand that it be decreed to have been satisfied and extinguished.
[2] The plaintiffs were not entitled to the preliminary injunction without bond.' The right to a preliminary injunction to arrest the execution of a writ of fieri facias is governed by articles 296, 298 (Nos. 7 and 10), and 304. See Wiley v. Woodman & Bement, 19 La. Ann. 188. The writ of injunction that is granted without bond by article 740 of the Code of Practice for one of the causes mentioned in article 739 can issue only to arrest the execution of a writ of seizure and sale in executory proceedings, as is expressly provided in article 738. The defendant’s motion to dissolve the preliminary injunction should have prevailed; and, if an appeal had been made to this court, when the motion was overruled, the ruling would have been reversed. Since the injunction has been made perpetual by the final judgment of the district court, however, it must be maintained or dissolved according to the correctness or incorrectness of the judgment on the merits of the case.
[3, 4] Our opinion is that the defendant’s *691 objection to the testimony offered by the plaintiffs to prove that the defendant had verbally agreed, before the judgment was rendered in his favor, that it would only be exigible against the property sold to Tryon Mclnnis, should have been sustained in so far as the widow and major heirs were concerned. As to the minor heirs, the testimony was admissible for the purpose of showing that they were not in reality represented in the suit in which the judgment was rendered against them. The attorney who was appointed to represent them made no defense whatever, but went before the clerk of court and assisted in preparing a record of evidence that would and did make out a case in favor of the pilaintiff and against the minor children whose interests he was appointed to defend. 1-Ie did not defend the suit against the minors because of his reliance upon his verbal agreement with Dr. Nichols that the judgment to be rendered would be satisfied and extinguished by the seizure and sale of the mortgaged property. And, if the agreement had been carried out, no injury would or could have resulted to the minor children. Although the agreement was not binding, because it was not reduced to writing, the evidence of it was admissible to prove that, by that arrangement, the interests of the minor children were not in reality defended by their tutor ad hoc.
[5, 6] The judgment rendered against the five married women, whose husbands were not cited to authorize them to defend the suit and stand in judgment, was and is absolutely null. The judge’s order, rendered after the judgment had been rendered by default and had been read and signed, purporting to authorize the defendant married women “to stand in judgment and prosecute the suit,” had no effect whatever; in fact, the judge could not at any time have authorized the married women to defend the suit and stand in judgment without first having cited their husbands to appear and authorize them. There was no conflict of interest between husband and wife, and no reason for the court to assume that the husbands would not have appeared if they had been cited.
As to the widow, Mrs. Spicey R. Mclnnis. and her major son, Duffie Mclnnis, who were properly cited, the judgment obtained by Dr. Nichols is conclusive. They learned on the 30th of July, 1910, the day on which the mortgaged property was first offered for sale by the sheriff, that Dr. Nichols would not carry out his agreement to take back the mortgaged property in satisfaction of his judgment. From that date until the 1st of October, 1910, when the mortgaged property was adjudicated to Dr. Nichols, there were negotiations looking to a settlement of the controversy which had arisen from Dr. Nichols’ refusal to carry out his agreement. Therefore, if it can be said that the judgment was obtained by fraud, the action on the part of Mrs. Mclnnis and her major son, Duffie Mclnnis, to annul the judgment was barred by the prescription of one year when this suit was filed, that is, on the 23d of February, 1912. C. P. art. 613.
The plea of prescription, however, cannot prevail against the suit of the married women or minors, as to whom the judgment was an absolute nullity.
There is no merit in the defendant’s plea of estoppel as to the action of the minors or married women, who, it appears, were not even present when the attorney of Mrs. MeInnis bid on the property for her.
For the reasons assigned, the judgment appealed from is annulled; and it is now ordered, adjudged, and decreed that the suit of Mrs. Spicey R. Mclnnis and of Duffie Mclnnis be dismissed, their demands rejected, and the injunction dissolved as to them. It it further ordered, adjudged, and decreed that the judgment rendered in the suit of J. W. Nichols v. Heirs of Tryon Mclnnis, No. *693 1511 of the docket of the Twelfth judicial district court, be and the same is null and of no effect against the minor children and married women defendants, reserving the appellant’s right to proceed against .them on his mortgage notes. One half of the costs of this suit in both courts is to be paid by the appellant, and the other half by the two appellees whose demands are rejected.