## GANDY v. PEOPLE'S STATE BANK et al

### No. 4708.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Pickett & Moore, of Many, for appellants.

Fraser & Carroll, of Many, for appellee.

DREW, Judge.

The People's State Bank secured judgment against D. W. Gandy in the Eleventh judicial district court in and for Sabine parish, La., and caused a fi. fa. to issue on said judgment. The sheriff of Sabine parish, acting under said fi. fa., seized and advertised for sale, as belonging to D. W. Gandy, the following described property: S. E. ¼ of N. W. ¼; S. W. ¼ of N. E. ¼; N. W. ¼ of S. E. ¼; and S. E. ¼ of S. W. ¼, of section 28, township 6 north, range 16 west, Sabine parish, La., containing 160 acres, more or less—the sale to take place on April 15, 1933.

On March 28, 1933, P. P. Gandy, by petition, alleged that he was the owner of said property by purchase from Ina Hazel Kirk by deed dated November 15, 1931. He alleged that the seizure of the above-described property under said writ of fi. fa. was illegal and without warrant of law, and that the People's State Bank, of Many, La., and the sheriff of Sabine parish, La., should be restrained and enjoined from proceeding further with the advertisement and sale of petitioner's above-described property, and, finally, that said property should be released from

said seizure, that the sale of his said property would work irreparable injury, loss, and damage to him, and that a temporary restraining order should be issued herein on hearing, restraining, and prohibiting the People's State Bank, of Many, La., and E. L. Edwards, sheriff of Sabine parish, La., from proceeding further with the advertisement and sale of petitioner's property, and, finally, petitioner is entitled to a preliminary writ of injunction prohibiting the seizure and sale of his property. He prayed that said defendant be ordered to show cause, if any they have or can, on a date to be fixed by the court prior to the date said property is advertised for sale, why a preliminary writ of injunction should not issue enjoining, restraining, and prohibiting them from proceeding further with the sale of petitioner's property; that they be cited and served and, after due and legal proceedings had, that petitioners have judgment forever enjoining, restraining, and prohibiting the said People's State Bank, of Many, La., and the said sheriff of Sabine Parish, La., from advertising and/or selling petitioner's said property, specially reserving to petitioner his right of action for damages against the People's State Bank for the illegal and unwarranted seizure.

The People's State Bank, of Many, was ordered by the court to show cause on April 3, 1933, why a preliminary writ of injunction should not issue.

Why the rule was not tried on the date fixed in the order is not shown. On April 10, 1933, defendant in rule filed prayer for oyer of all deeds showing title in plaintiff in rule, including the deed alleged on and all others back to the United States government. On the same date a plea of vagueness was filed. Both were referred to the merits by the lower court. On the same date defendant in rule filed an answer denying the allegations of ownership made by plaintiff in rule and averred as follows:

"8. Further answering respondent alleges that the debt on which the judgment in the case of the Peoples State Bank v. D. W. Gandy, No. 11,571, was obtained, existed prior to the execution of the proposed sales to Mrs. Hazel Kirk by D. W. Gandy, and to P. P. Gandy, by Mrs. Hazel Kirk.

"9. Respondent further alleges that D. W. Gandy, the first pretended vendor has remained in possession of the property, without the payment of rent, and has actually lived on said property, ever since the pretended sale was made, by said D. W. Gandy, and Mrs. Hazel Kirk, and is still living on said property.

"10. Respondent further alleges, that the said Mrs. Hazel Kirk, is the daughter of D. W. Gandy and that the said P. P. Gandy is the nephew of D. W. Gandy.

"11. Respondent further alleges that the sales from D. W. Gandy to Mrs. Hazel Kirk and from Mrs. Hazel Kirk to P. P. Gandy were fraudulent simulations and that said D. W. Gandy is still the true and lawful owner of said property, and that, certain purported deed executed by D. W. Gandy to Mrs. Hazel Kirk on August 27, 1931, and which deed is filed for record in the record of Sabine Parish, Louisiana, under instrument No. 50070 and is recorded in Book 57, page 457, of conveyance records of Sabine Parish, Louisiana, and that certain deed executed by Mrs. Hazel Kirk on November 15, 1931, and which deed is filed for record in the records of Sabine Parish, Louisiana, under instrument No. 51110, and is recorded in Book 60, page 40, of the conveyance records of Sabine Parish, Louisiana, should be declared illegal, null and void and of no effect and that the inscription thereof, should be cancelled, and erased from the conveyance records of Sabine Parish, Louisiana.

"Wherefore, respondent prays that the rule for the plaintiff herein be dismissed at the cost of P. P. Gandy, the plaintiff in said rule; and that there be judgment decreeing and declaring the proposed sale from D. W. Gandy to Mrs. Hazel Kirk, which said act of sale is filed for record in the records of Sabine Parish, Louisiana, under instrument No. 50070 and is recorded in Book 57, page 457, of the conveyance records of Sabine Parish, Louisiana, and the proposed sale from Mrs. Hazel Kirk to P. P. Gandy, which said act of sale is filed for record in the records of Sabine Parish, Louisiana, under instrument No. 51110, and which is recorded in Book 60, page 42 of the conveyance records of Sabine Parish, Louisiana, to be illegal, null and void and of no effect, and further decreeing that the inscription thereof be cancelled and erased from the conveyance records of Sabine Parish, Louisiana."

Just what transpired thereafter in the lower court is best shown by the minutes from this time on:

"* * * Answer of defendant filed and trial of rule taken up. Counsel for plaintiff moved for judgment on face of the pleadings, which was objected to by counsel for defendant. Said objection was overruled, a bill reserved to said ruling and the court ordered that a preliminary writ of injunction issue as prayed for upon plaintiff giving bond in the sum of $150.00. Counsel for defendant objected to amount of bond as being insufficient, which was overruled and a bill reserved to said ruling. Counsel for defendant moved that case be fixed for trial for Wednesday, April 12th, which was objected to by counsel for plaintiff, said objection was sustained and a bill reserved to said ruling. Case was fixed for trial for the first day of next term by consent, without prejudice to either party.

"April 12, 1933. Motion to dissolve writ of injunction filed, motion of counsel to fix

for trial for tomorrow overruled, a bill reserved to said ruling and same fixed for the first day of next term.

"May 8, 1933. Case continued and his Honor, John B. Hill, recused himself.

"May 25, 1933. T. B. Hamilton, Esq., enrolled as associate counsel for plaintiff. Case fixed for today by agreement. Motion for judgment on the face of the pleadings filed by counsel for plaintiff, which was argued, submitted and ruling thereon reserved until trial of case on the merits. This was objected to by counsel for plaintiff, the objection overruled and a bill reserved to said ruling. Motion to dissolve and case on the merits taken up and tried. Evidence adduced and closed. To be submitted on briefs to be filed within ten days after filing of notes of evidence, all parties agreeing that same be decided in chambers or open court, any place in the district, and waiving notice of judgment and appeal."

The record fails to disclose that a temporary writ of injunction was ever actually issued, although the bond is filed in the record. On April 12, 1933, defendant in rule filed a motion to dissolve the temporary writ of injunction for the following reasons: (1) That plaintiff, P. P. Gandy, did not anywhere in his petition allege that the temporary writ of injunction was necessary; (2) that the allegations of plaintiff herein are not sufficient to entitle the plaintiff to a preliminary writ of injunction; (3) that the court was without right or authority to grant a temporary writ of injunction herein upon the showing made by plaintiff, P. P. Gandy, in his petition for the reason that petitioner did not petition the court for a preliminary writ of injunction and did not ask the court to fix a bond, as required by law, as a prerequisite of the issuance of a preliminary writ of injunction; and the court was without right or power to grant plaintiff relief, not disclosed by plaintiff's pleadings; and (4) that there is no sufficient bond made and filed by petitioner herein, as provided by law.

He further prayed for damages in the sum of $659.22, caused by the illegal and improvident issuance of said temporary writ of injunction.

As shown by the minutes and judgment, the motion to dissolve and the case on its merits were tried at one and the same time, and one judgment covers both, as is shown by the judgment:

"The above numbered and entitled cause having come on trial on a motion to take judgment on the face of the papers, and on motion to dissolve the preliminary writ of injunction, which two motions were argued and submitted after trial and the ruling of the court reserved until the matter was tried on the merits, and the case was then taken up tried and submitted on briefs filed.

"The law and the evidence being in favor of the defendant and for reasons orally assigned the motion to take judgment on the face of the papers filed by the plaintiff is overruled and a bill of exception is reserved to said ruling.

"The law and evidence being in favor of the plaintiff and against the defendant and for reasons orally assigned, the motion to dissolve the writ or preliminary writ of injunction, the said motion is hereby overruled and a bill reserved.

"On the merits of the case the law and evidence being in favor of the plaintiff and against the defendant, and for reasons orally assigned, it is therefore ordered, adjudged and decreed that the plaintiff, P. P. Gandy, do have and recover judgment in his favor and against the Peoples State Bank and E. L. Edwards, Sheriff of Sabine Parish, Louisiana, decreeing the said Gandy to be the owner of the following described land with all improvements thereon lying and being situated in Sabine Parish, Louisiana, to-wit:

"The S. E. ¼ of the N. W. ¼; the S. W. ¼ of the N. E. ¼; the N. W. ¼ of the S. E. ¼ and the S. E. ¼ of the S. W. ¼, of Sec. 28, Township 6 North of Range 13 West, containing 160 acres, more or less.

"It is further ordered and decreed that the preliminary writ of injunction sued out herein be sustained and the said Peoples State Bank and the said E. L. Edwards be restrained and enjoined from selling or attempting to sell the above and foregoing property.

"It is further ordered and decreed that the said Peoples State Bank do pay all costs of this suit.

"It is further ordered and decreed that the Peoples State Bank be granted and the right is hereby reserved to said Bank to bring suit against the plaintiff herein and all parties having interest to annul the title to the above described land as the decree herein is not intended to bar the defendant from taking the proper steps to set aside the title held by the plaintiff in a proper proceedings.

"Thus done and signed in open Court by consent of all parties at Mansfield, Louisiana, on this 26th day of June, 1933."

■ Regardless of what we might think of the merit in the motion to dissolve the preliminary injunction, it cannot avail defendant in rule now. A like situation was presented in the case of McInnis v. Wingate, 138 La. on page 690, par. 2, 70 So. 610, 613, in which the court said: "The plaintiffs were not entitled to the preliminary injunction without bond. The right to a preliminary injunction to arrest the execution of a writ of fieri facias is governed by articles 296,

·298 (nos. 7 and 10), and 304. See Wiley v. Woodman & Bement, 19 La. Ann. 188. The writ of injunction that is granted without bond by article 740 of the Code of Practice for one of the causes mentioned in article 739, can issue only to arrest the execution of a writ of seizure and sale in executory proceedings, as is expressly provided in article 738. The defendant's motion to dissolve the preliminary injunction should have prevailed; and, if an appeal had been made to this court, when the motion was overruled, the ruling would have been reversed. Since the injunction has been made perpetual by the final judgment of the district court, however, it must be maintained or dissolved according to the correctness or incorrectness of the judgment on the merits of the case."

On the merits, the case is clearly with the plaintiff in rule. There is no evidence in the record to show that D. W. Gandy, the debtor of defendant in rule, ever owned the property sought to be enjoined from sale in this case. The only evidence of title in the record is the deed from Ina Hazel Kirk to plaintiff in rule, dated November 15, 1931. It is a public and authentic act in due form and recites a consideration of $2,600 cash. Unless defendant in rule shows that its debtor at some time owned the property in question, it could not have any standing in court to contest the claim of plaintiff in rule that he was the owner of the property.

We find no error in the judgment of the lower court, and it is affirmed, with costs.